Zoa Fermoso Torres, recurrente, *v.* El Registrador de la Propiedad de San Germán, recurrido.

Núm. 1008.—*Sometido:* Noviembre 1, 1937. *Resuelto:* Noviembre 30, 1937.

*Luis López de Victoria,* abogado del recurrente;

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

Los hechos de este recurso gubernativo, conforme se desprenden de la relación presentada por la peticionaria, son así:

### "Relación de Hechos

"Por escritura número 160 otorgada en Yauco ante el notario Luis López de Victoria el 13 de agosto de 1937 don Santiago César Torres Fermoso por sí y doña Zoa Fermoso Torres por sí y en representación como madre legítima con patria potestad sobre los menores Mariam, de diez y ocho años de edad, Monserrate Aurora, de diez y seis años de edad, José Onofre, de diez años de edad y Rosalilda, conocida por Rosa Nilda, de seis años de edad, de apellidos Torres Fermoso, procedieron a segregar y segregaron de una finca rústica de trescientas setenta y nueve cuerdas con cincuenta y cinco céntimos de otra, una parcela de doce cuerdas de terreno más o menos, con solicitud de que dicha parcela se inscribiera como finca nueva, separada y distinta de la principal (páginas 1 a 7 de la copia simple del documento).

"Presentada copia certificada de dicha escritura al Registro de la Propiedad de San Germán para su inscripción, el señor registrador recurrido la inscribió con el defecto subsanable de no haberse presentado el plano correspondiente a la mensura de esta finca aprobado por el Comisionado del Interior de Puerto Rico en cumplimiento a lo dispuesto en la Resolución Conjunta número 55 de este año de la Asamblea Legislativa de Puerto Rico."

La recurrente señala la comisión de dos errores por el registrador, a saber:

"*Primer error:* Erró el señor registrador recurrido al estimar que los efectos de la Resolución Conjunta número 55 aprobada en 15 de mayo de 1937 están en vigor.

"*Segundo error:* Erró el Sr. Registrador recurrido al estimar que los términos de dicha Resolución Conjunta son mandatorios, cuando en realidad dichos términos son directivos."

Toda vez que el registrador no ha radicado alegato, asumiremos más o menos que los hechos alegados en la petición son ciertos.

■■ Un examen de la Resolución Conjunta en cuestión nos ha dejado la impresión de que la Asamblea Legislativa tuvo la intención de crear una división especial dentro del Departamento del Interior para la aprobación y certificación de planos de bienes inmuebles, antes de ser éstos admitidos en las cortes o en los registros de la propiedad. La sección 7 de la Resolución Conjunta exige que todas las segregaciones o agrupaciones de bienes sean presentadas (es de presumirse que en el registro de la propiedad) con un plano debidamente aprobado y certificado en la forma arriba mencionada.

La sección 4 de la Resolución Conjunta (núm. 55) que está ante nuestra consideración lee así (Leyes de 1937, págs. 639, 640):

"Por la presente queda autorizado el Comisionado del Interior de Puerto Rico para preparar y redactar un reglamento que estipule de una manera uniforme y general el procedimiento a seguir en las operaciones de campo, cálculo y preparación de planos, así como también

fijar los derechos que se deban imponer para la aprobación final de dichos planos de acuerdo con la sección 10 de esta Ley. Dicho reglamento después de aprobado por el Consejo Ejecutivo, tendrá efecto de ley.''

Del hecho incontrovertido de que el Comisionado del Interior aún no ha logrado la aprobación por el Consejo Ejecutivo del reglamento anterior, hemos llegado a la conclusión de que a la recurrente le hubiera sido imposible cumplir con los requisitos del estatuto.

La única cuestión que aún queda por determinar es si ella estaba obligada a esperar a que ese reglamento sea definitivamente aprobado, para entonces proceder a subsanar el alegado defecto, o si, toda vez que la efectividad de la legislación está en suspenso hasta que la maquinaria para su cumplimiento esté lista para ponerse en vigor, ella tiene derecho inmediatamente a que se le inscriba libre de defectos. Los principios generales de interpretación legislativa nos inclinan a optar por la segunda alternativa.

Hasta que el reglamento que es necesario para la aprobación de las escrituras de conformidad con la Resolución Conjunta sea presentado y aprobado, su efecto real o práctico queda en suspenso, aunque la legislación en sí esté en vigor en todos los demás aspectos.

En vista de la conclusión anterior, creemos innecesario considerar el segundo error.

*La nota del Registrador de San Germán debe ser revocada y el título de la peticionaria inscrito libre del defecto subsanable ya mencionado.*

El Juez Asociado Señor Córdova Dávila no intervino.